**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin D. Hall

    v.                                        Civil No. 08-cv-350-JL

John Curran

**REPORT AND RECOMMENDATION**

Pro se plaintiff Kevin D. Hall has filed a complaint, alleging that defendant has committed fraud in violation of his rights under New Hampshire law (document no. 1). Named as the defendant in this action is John Curran, Esquire, legal counsel to the Cheshire County Department of Corrections ("CCDOC"). Construed liberally, the complaint invokes this court's diversity jurisdiction under 28 U.S.C. § 1332.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I recommend that the complaint be dismissed for lack of subject matter jurisdiction.

## Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  See also Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3

(1st Cir. 1996)(stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual

averments," not bald assertions, must be accepted as true).  This

review ensures that pro se pleadings are given fair and

meaningful consideration.

**Background**

Hall is currently incarcerated at the Sing Sing Correctional

Facility in Ossining, New York.  It appears that Hall was a

resident of New Hampshire prior to his incarceration in New York.

Curran allegedly is legal counsel for the CCDOC and a resident of

Bedford, New Hampshire.

This action arises out of Hall's prior filing of a federal

civil rights action against the CCDOC and Curran's alleged

representation of the defendants in that action.  During the

course of those proceedings, Curran allegedly engaged in

fraudulent practices in violation of Hall's rights under New

Hampshire law.  Specifically, Hall claims that during discovery,

Curran "fradulently led [him] into believing" that if he signed

releases for his confidential medical and mental health records,

Curran would in turn provide him with copies.  Hall allegedly

signed multiple release forms, and Curran subsequently obtained

the confidential records but refused to provide Hall with copies.

Hall now brings this action, alleging that Curran's actions

constitute fraud under New Hampshire law.

**Discussion**

I.   Subject Matter Jurisdiction

A party seeking relief in district court must at least plead

facts which bring the suit within the court's jurisdiction.  See

Fed. R. Civ. P. 8(a)(1)(requiring a plaintiff to set forth in the

complaint "a short and plain statement of the grounds for the

court's jurisdiction. . .").  The subject matter of the federal

courts is limited and is set forth generally in 28 U.S.C. §§ 1331

and 1332.  Under these statutes, federal jurisdiction is

available only when a federal question is presented or when the

parties are of diverse citizenship.  Id.

A federal question exists where the plaintiff has alleged a

colorable federal claim.  See 28 U.S.C. § 1331 (providing for

original jurisdiction in the federal district courts for claims

arising under federal law).  See also BIW Deceived v. Local S6,

Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 832

(1st Cir. 1997).  In the instant complaint, Hall has failed to

allege a federal question or invoke any federal jurisdictional

statute.  Nor has he asserted any facts from which federal question jurisdiction can be inferred.  <u>See</u> 28 U.S.C. § 1331. Instead, the complaint alleges only a state law fraud claim. Construing the allegations generously and accepting them as true, there does not appear to be anything which gives rise to federal question jurisdiction under 28 U.S.C. § 1331.  I therefore conclude that Hall fails to invoke the federal question jurisdiction of this court.

Hall also fails to invoke the diversity jurisdiction of this court under 28 U.S.C. § 1332.  To establish diversity jurisdiction, a complaint must allege complete diversity of citizenship between plaintiff and defendants as well as an amount in controversy in excess of $75,000, exclusive of interest and costs.  <u>See</u> 28 U.S.C. § 1332.  <u>See</u> <u>also</u> <u>Straughn v. Delta Air Lines, Inc.</u>, 170 F. Supp. 2d 133, 146 (D.N.H. 2000)(citations omitted).  "Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant."  <u>Gabriel v. Preble</u>, 396 F.3d 10, 13 (1st Cir. 2005).

In the instant complaint, Hall alleges an amount in controversy in excess of $75,000, however, he fails to allege

complete diversity of citizenship between the parties.  Both Hall
and Curran are citizens of New Hampshire.  Contrary to Hall's
assertions, his current place of incarceration in New York does
not establish diversity.  "For purposes of federal diversity
jurisdiction, an individual's state citizenship is equivalent to
domicile."  Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir.
2006) (citing Crowley v. Glaze, 710  F.2d 676, 678 (10th Cir.
1983).  "Because domicile is a voluntary status, a prisoner is
presumed to be a citizen of the state of which he was a citizen
before his incarceration, even if he is subsequently incarcerated
in another state."  Smith, 445 F.3d at 1260 (citing Sullivan v.
Freeman, 944 F.2d 334, 337 (7th Cir. 1991).  Here, the record
suggests that Hall was a citizen of New Hampshire prior to his
incarceration in New York, therefore, he is presumed to be a
citizen of New Hampshire.

     "The presumption, however, is rebuttable."  Smith, 445 F.3d
at 1260.  If, for example, a prisoner intends to live in another
state upon release and is assigned to a prison in that state, his
domicile becomes that state.  See Id.  Factors to be considered
in determining domicile include the prisoner's declaration of his
intentions, the manner in which he has ordered his personal and

business transactions and any other factors that are relevant to the corroboration of his statements.  Id.  Hall has not alleged that he intends to live in New York.  Nor has he identified any factors indicating his intent to live in New York following his release from prison.  Consequently, he is presumed to be a resident of New Hampshire.  Because the parties in this action are New Hampshire residents they are nondiverse.  I conclude, therefore, that Hall has failed to plead diversity jurisdiction under 28 U.S.C. § 1332.

### Conclusion

For the reasons stated above, I recommend that the complaint be dismissed for lack of subject matter jurisdiction.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure

to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: January 6, 2009

cc:   Kevin D. Hall, pro se